**E-FILED**
Friday, 09 November, 2007  11:35:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES LEE WILLIAMS,
     Plaintiff,

     vs.                                   07-1259

LINDA BLACK, et al.
     Defendants.

ORDER

     This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, a federal prisoner, has used a standard complaint and marked "unknown" for the legal basis for his complaint.  (Comp, p. 2).   Based on a review of the complaint, the pro se plaintiff has filed his lawsuit pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   The plaintiff has named four defendants from the Federal Correctional Institution in Pekin including Officer Linda Black, Counselor Dorris Haymon, Unit Manager Jessica McGiffert and Captain David Gonzoles.

     The plaintiff says on May 10, 2006, the plaintiff heard Officer Black telling inmates that he was a "snitch" and a "pervert." (Comp, p. 6).  The plaintiff confronted the officer and asked her why she was making these comments.  Officer Black said it was because the plaintiff "told on one of her officers." *Id.*   The plaintiff said that was not what he had done and she should not call him a snitch to other inmates.  The plaintiff says Officer Black then apologized.

     The plaintiff told Officer Black he was still going to report her conduct to the Captain.  Officer Black then accused the plaintiff of threatening her.  Officer Black then told Defendant Haymon and other officers and inmates that the plaintiff was threatening her and she wanted him taken to the special housing unit.   The plaintiff says he received a disciplinary ticket for both threatening Officer Black and for assault.

     The plaintiff says he filed a grievance, but it was lost by the defendants.  The plaintiff says he gave the appropriate paperwork to Defendant Gonzoles who said he would give it to the warden, but no action was taken.  The plaintiff says the grievance turned up sometime later, but it was too late to file an appeal at that point.  The plaintiff attached his grievances concerning the

incident to his complaint and it appears that he did receive a responses to his complaints.

The plaintiff says he was found guilty of the disciplinary ticket and he has attached a copy of the ticket and the disciplinary hearing to his complaint.   Officer Black says the plaintiff came up to her in an aggressive manner and began swearing at her for shaking him down and then spit in her face.   The disciplinary hearing report indicates that several witnesses were interviewed, most claiming they did not see anything.   However, Defendant Haymon said she saw the plaintiff yelling at the officer and saw him spit on her.

The plaintiff was found guilty of both threatening the officer and of assault.   The report indicates that this was the plaintiff's fifth report of violence in ten months.   Therefore, he received 20 days in disciplinary segregation, 27 days loss of good time credits and he was transferred.   The plaintiff is asking for the discipline to be expunged from his record, for the defendants to be suspended and for damages.

The plaintiff has failed to state a claim upon which relief can be granted.   In order for the court to determine that the actions of the defendants were unlawful, the court would have to find that the decision in the disciplinary hearing was invalid and based on improper motivations such as retaliation.   In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration.   In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended this ruling to include suits attacking intra prison disciplinary sanctions that affect the overall length of confinement.   The plaintiff's claim is barred because he has failed to demonstrate that he successfully overturned the disciplinary findings before filing his federal lawsuit.

In addition, it is unclear whether the plaintiff was prevented from using the grievance process concerning this incident.   It does appear that he was able to file a grievance and his grievance was denied.   However, even if the plaintiff's initial grievance was lost or he was prevented from filing a final appeal, he has failed to state a violation of his constitutional rights. [A]ny right to a grievance procedure is a procedural right, not a substantive one.*" Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995).   Therefore, grievance procedures do not give rise to any liberty interests protected by the Due Process Clause. *Id.*   In addition, plaintiff's use of the judicial process indicates that the defendants have not curtailed his First Amendment right to petition the government for redress of his grievances.   *Id.*

**IT IS THEREFORE ORDERED:**

    1)    **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   The case is closed, with the parties to bear their own costs;**

    2)    **This dismissal shall count as one of the plaintiff's three allotted strikes**

pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;

3)   The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)    The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)   The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)   If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 9th day of November, 2007.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3

4